IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM A. CACCIA, II** | : | CIVIL ACTION NO. 1:21-CV-1448 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **COMMONWEALTH** | : | |
| **OF PENNSYLVANIA**, *et al.*, | : | |
| | : | |
| Respondents | : | |

# MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2241, in which petitioner William A. Caccia, II, who is currently facing criminal charges in the Schuylkill County Court of Common Pleas, seeks habeas corpus relief based on that court's pretrial management of his criminal case. We will summarily dismiss the petition because Caccia has not shown any extraordinary circumstances that would warrant pre-conviction habeas corpus relief.

## I. Factual Background & Procedural History

Caccia is currently facing charges in the Schuylkill County Court of Common Pleas for burglary, theft by unlawful taking of movable property, receiving stolen property, and criminal trespass. See Commonwealth v. Caccia, No. CP-54-CR-0001189-2021 (filed July 29, 2021). He brings the instant petition seeking habeas corpus relief based on allegations that county administrative officials and the district attorney "colluded in dissolving [a] continuance" in the criminal case. (Doc. 1). He acknowledges that he has not exhausted state court remedies, but appears to argue that exhaustion should be excused because "[m]otions are only deposited in a

criminal case file without action," which shows that "state action is exhausted due to closing of courts." (Id.)

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III. Discussion

Caccia is plainly not entitled to habeas corpus relief. When a petitioner seeks habeas corpus relief prior to a final conviction and sentence in state court and the petitioner has not exhausted state court remedies, a federal court may only entertain the petition in "extraordinary circumstances." Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975). Caccia has failed to show such extraordinary circumstances, as he has failed to explain why the alleged error in "dissolving" the continuance could not be corrected through ordinary error correction on direct appeal.

**IV.     Conclusion**

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     September 10, 2021